

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2007

# Powell v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1787

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Powell v. Atty Gen USA" (2007). *2007 Decisions.* Paper 188.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/188

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1787
_____

DENZIL LEROY POWELL,
                                        Petitioner,
v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A37-457-243
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2007

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed : November 27, 2007)

_____

OPINION
_____

PER CURIAM

 Petitioner Denzil Leroy Powell, a native and citizen of Jamaica, was admitted to

the United States as a lawful permanent resident in August 1981. In November 1995, he

was convicted pursuant to a plea of guilty in United States District Court for the Middle

District of North Carolina of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He was sentenced to a term of imprisonment of 198 months, which he immediately began to serve.

Powell was placed in removal proceedings with service of a Notice to Appear on December 13, 1999. His first hearing took place on February 29, 2000, but proceedings were continued at his request to allow him the opportunity to obtain counsel. On May 9, 2000, proceedings resumed and another continuance was granted. On July 27, 2000, the Department of Homeland Security ("DHS") moved to administratively close proceedings, because Powell had been transferred to a different prison with no easy access to an immigration court.

Approximately five years later, in the beginning of 2005, Powell applied for the first time for a waiver under former Immigration & Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (1995). DHS moved to re-calendar proceedings because Powell had been transferred back to his original prison. During the current proceedings, the Immigration Judge found Powell removable as an aggravated felon as that term is defined by INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), based on the drug trafficking conspiracy conviction. Powell raised the issue of his eligibility for a section 212(c) waiver during his removal hearing, but the IJ pretermitted his application, finding that Powell was statutorily ineligible; he had by that time served more than nine years in prison for his aggravated felony conviction.

2

Powell then appealed to the Board of Immigration Appeals. He contended that the IJ erred in pretermitting his section 212(c) application because he had not served five years in prison at the time of his first two hearings in 2000. He asked that his application be considered nunc pro tunc because he would have been eligible for relief had proceedings not been delayed by the administrative closure. In a decision dated June 12, 2006, the Board dismissed the appeal, reasoning that Powell knew when he pleaded guilty and negotiated his sentence that he was exposing himself to a period of federal incarceration, sixteen and one-half years, that would preclude discretionary section 212(c) relief. See Quarantillo v. DiPeppe, 337 F.3d 326 (3d Cir. 2003).

Powell has petitioned for review, a petition we will deny. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review "constitutional claims and legal questions" concerning statutory ineligibility for relief under former section 212(c). Powell contends on appeal that the Board's decision concerning his application for a waiver under former section 212(c) is contrary to the Supreme Court's decision in Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289 (2001), and is in error because he had not yet served five years in prison at the time of his first two hearings in 2000. His 2005 application for a waiver should be considered nunc pro tunc, because the IJ erred when he did not disclose during the 2000 hearings that section 212(c) relief might be available.

We reject these contentions as unpersuasive. Section 212(c) was interpreted to allow any lawful permanent resident with an unrelinquished domicile of seven consecutive years to apply for a discretionary waiver from deportation. Quarantillo, 337

3

F.3d at 328. In 1990, prior to the time when Powell pleaded guilty, the statute was amended to preclude relief for anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years. Id. In September 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") and repealed section 212(c). In St. Cyr, 533 U.S. 289, the Supreme Court held, under the Ex Post Facto Clause, that the repeal was impermissibly retroactive to a certain class of aliens whose convictions were obtained through plea agreements and who would have been eligible for section 212(c) relief at the time of their plea under the law then in effect. The Court was concerned that the possibility of being granted such relief might have influenced the decision to plead guilty and waive constitutional rights. Id. at 325.

Powell, however, would not have been eligible under the law then in effect and could not have been influenced by the possibility that he would be granted such relief. Under the law then in effect, a waiver was unavailable to an alien who had been convicted of one or more aggravated felonies, a circumstance Powell does not challenge, and had served for such felony or felonies a term of imprisonment of at least five years. St. Cyr only benefitted aliens who pleaded guilty on the realistic understanding that they would still be eligible for discretionary relief so long as they had served less than five years in prison. Powell is not such an alien, because, if he entered a negotiated plea, he clearly knew that he would be imprisoned for 16½ years; if he entered an open plea, he knew that he could receive a sentence of imprisonment up to the statutory maximum. He could not reasonably have relied on the availability of section 212(c) relief in pleading

4

guilty to a drug trafficking offense that exposed him to 16½ years in a federal prison.

We also reject as unpersuasive Powell's alternative contentions that he had not yet served five years in prison at the time of his first two hearings in 2000, that proceedings were closed through no fault of his own, and that the IJ erred when he did not disclose during the 2000 hearings that section 212(c) relief might be available. The Board correctly applied circuit precedent to reject the claim. In Quarantillo, 337 F.3d 326, the alien pleaded guilty to aggravated manslaughter and was sentenced to a term of imprisonment of 27 years with nine years of parole ineligibility. The former Immigration & Naturalization Service ("INS") issued an Order to Show Cause in September 1992. The alien then sought a section 212(c) waiver. In August 2000, an immigration judge heard her request, but denied it. On appeal, the alien argued that the delay in processing her removal between 1992 and 2000 caused her to become ineligible for a waiver by placing her beyond the five-year incarceration limit that was a condition of the favorable exercise of discretion under § 212(c). We rejected the argument because the length of her state sentence and period of parole ineligibility distinguished her case from that of the alien in St. Cyr. She knew when she entered her guilty plea that she would almost certainly be ineligible for the discretionary relief that may otherwise have been available under § 212(c). Therefore, the reasoning of St. Cyr did not apply. Quarantillo, 337 F.3d at 333.

Powell's guilty plea, like the alien's in Quarantillo, and unlike the alien's in St. Cyr, did not raise any hope that he would actually serve less than five years in prison.

Thus, he could not reasonably have relied on continued eligibility for section 212(c) relief in pleading guilty. Our decision in Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir. 2004), wherein we noted that an alien convicted of an aggravated felony and sentenced to more than five years imprisonment might have maintained eligibility for section 212(c) relief provided he had not served five years of the sentence "by the time of his removal hearing," id. at 486, is not to the contrary. The petitioner in that case, whose state sentence was one to three years imprisonment, could claim reasonable reliance on the availability of section 212(c) relief.

Powell blames the IJ for his late application, contending that the IJ could have alerted him to the relief available to him during the 2000 master calendar hearings. But his claim that he is eligible for section 212(c) relief is premised on his having pleaded guilty in 1995 in order to maintain his eligibility for a waiver. He thus should not be heard to complain that he was unaware of his right to relief. Furthermore, the IJ was under no obligation to advise him about potentially available discretionary relief. See Bonhometre v. Gonzales, 414 F.3d 442, 448 n.9 (3d Cir. 2005) (alien has no constitutional right to be informed of possible eligibility for discretionary relief), cert. denied, 546 U.S. 1184 (2006).

For the foregoing reasons, we will deny the petition for review.

------------